THE UNITED STATES DISTRICY COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS GAMEZ | Case No.: 2:21-cv-08991-JXN-AME |
| and | |
| ROBERTO QUINONEZ, as parent and general guardian of C.L.Q-B, a minor, | |
| on behalf of themselves and all others similarly situated, | |
| Plaintiffs, | |
| vs. | |
| PCS REVENUE CONTROL SYSTEMS, INC., | |
| a New Jersey corporation, | |
| Defendant. | |

**FINAL APPROVAL ORDER**

**WHEREAS**, on June 8, 2022, a Preliminary Approval Order was entered by the Court preliminarily approving the proposed Settlement pursuant to the terms of the Parties' Settlement Agreement and directing that notice be given to the Settlement Class (ECF No. 30);

**WHEREAS**, pursuant to the notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement, of the right of members of the Settlement Class to exclude themselves from the Settlement Class, and of the right of members of the Settlement Class to object to the Settlement and to be heard at a Final Approval Hearing to determine, inter alia: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the

1

claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing this Action with prejudice;

**WHEREAS** a Final Approval Hearing was held on January 30, 2023. Prior to the Final Approving Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as prescribed in the Preliminary Approval Order. Class Members were therefore notified of their right to appear at the Final Approval Hearing in support of, or in opposition to, the proposed Settlement, the award of Attorneys' Fees and Costs to Class Counsel, and the payment of Service Award.

**NOW, THEREFORE,** the Court having heard the presentations of the parties, having reviewed all of the submissions presented with respect to the proposed Settlement, having determined that the Settlement is fair, adequate, and reasonable, having considered the Attorneys' Fees and Cost application made by Class Counsel and the application for an Incentive Award to the Settlement Class Representative, and having reviewed the materials in support thereof, and good cause appearing:

**THIS COURT FINDS AND ORDERS AS FOLLOWS:**

1.      The capitalized terms used in this Final Approval Order shall have the same meaning as defined in the Settlement Agreement except as may otherwise be indicated.

2.      The Court has jurisdiction over the subject matter of this Action and over all claims raised therein and all Parties thereto, including the Settlement Class.

3.      The Court hereby approves the Settlement, including the plans for implementation and distribution of the settlement relief, and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Class Members, within the authority of the parties and the result of extensive arm's-length negotiations. In reaching this conclusion, the Court considered the factors

set forth in Fed. R. Civ. P. 23(e), to determine whether the Settlement Agreement is "fair, reasonable, and adequate," by considering whether:

(A)    the class representatives and class counsel have adequately represented the class;
(B)    the proposal was negotiated at arm's length;
(C)    the relief provided for the class is adequate, taking into account:
    (i)    the costs, risks, and delay of trial and appeal;
    (ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
    (iii)    the terms of any proposed award of attorney's fees, including timing of payment; and
    (iv)    any agreement required to be identified under Rule 23(e)(3); and
(D)    the proposal treats class members equitably relative to each other.

4.    The Parties shall effectuate the Settlment Agreement in accordance with its terms. The Settlement Agreement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court.

5.    The Court approves of the Parties' agreement to increase by 100% the amount to be paid for each approved claim for time spent. The Settlement Administrator's supplemental declaration filed January 30, 2023 (ECF No. 38) states that there have been 4,101 claims received and that the total approved amount for time spent is $114,220.00; each approved claim for time spent shall be increased by 100%, making the total approved amount for time spent $228,440.00. There shall be no pro rata or residual distribution for approved claim(s) for reimbursement of out-of-pocket expenses.

6.    The Court further approves as fair and reasonable: (i) a $1,000.00 service award for each of the two Plaintiffs, (ii) an award of $85,000.00 in attorney's fees and costs, and (iii) the payment of $505,311.00 to the Settlement Administrator for Notice and Administrative Expenses.

7.    Any funds remaining in the Settlement Fund shall by distributed to the New Jersey State Bar Foundation as a *cy pres* recipient.

8.     The Settlement Administrator's supplemental declaration states that there have been no objections to the Settlement as of January 27, 2023.

9.     The Settlement Class, which will be bound by the Final Approval Order and Judgment, shall include all members of the Settlement Class who did not submit timely and valid requests to be excluded from the Settlement Class.

10.     A list of those putative Settlement Class Members who have timely elected to opt out of the Settlement and the Settlement Class, and who therefore are not bound by the Settlement, this Order and the Judgment to be entered hereon, has been submitted to the Court in the Declaration of Snehal Indra, filed in advance of the Final Approval hearing. That list is attached as Exhibit A to this Order. All Settlement Class Members (as permanently certified below) shall be subject to all of the provisions of the Settlement, this Order and the Final Judgment to be entered hereon.

11.     For purposes of the Settlement and this Final Approval Order, the Court hereby certifies the following Settlement Class:

> [A]ll individuals who were sent notification by PCS that their personal information was or may have been compromised in the data breach initially disclosed by PCS beginning in or around March 2021. Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; (3) Settlement Class Members who submit a valid a Request for Exclusion prior to the Opt-Out Deadline; and (4) Jose Montanez, as parent and natural guardian of and on behalf of his minor son Manuel Montanez, who entered into a release with PCS effective August 30, 2021.

The putative Settlement Class Members identified on the list submitted to the Court and included on Exhibit A as having timely and properly elected exclude themselves from the

4

Settlement Class are hereby excluded from the Settlement Class and shall not be entitled to any of the benefits afforded to the Settlement Class Members under the Settlement. The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Rules 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes again that because this certification of the Settlement Class is in connection with the Settlement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement.

12.    For purposes of settlement only, Plaintiff is certified as representative of the Settlement Class, and Class Counsel is appointed counsel to the Settlement Class. The Court concludes that Class Counsel and the Class Representative have fairly and adequately represented the Settlement Class with respect to the Settlement.

13.    Notwithstanding the certification of the foregoing Settlement Class and appointment of the Class Representative for purposes of effecting the Settlement, if this Order is reversed on appeal or the Settlement is terminated or is not consummated for any reason, the foregoing certification of the Settlement Class and appointment of the Class Representative shall be void and of no further effect, and the parties to the proposed Settlement shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties to the Settlement might have asserted but for the Settlement.

14.    The Court finds that the plan for Notice, set forth in Article V of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement

Agreement, and of their right to object and to appear at the Final Approval hearing or to exclude themselves from the Settlement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

15.    The Court finds that PCS Revenue Control Systems, Inc. has fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

16.    The Settlement Agreement is, in all respects, fair, reasonable, and adequate, is in the best interests of the Settlement Class, and is therefore approved.

17.    All persons who have not made their objections to the Settlement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

18.    Within the time period set forth in Article IV, ¶53 of the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting Valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

19.    Upon the Effective Date, members of the Settlement Class who did not validly and timely exclude themselves from the Settlement Class shall, by operation of this Final Approval Order, have fully, finally, forever, and irrevocably released, relinquished and discharged PCS Revenue Control Systems, Inc. from all claims that were or could have been asserted in the Action, as specified in Article X of the Settlement Agreement. All such Settlement Class Members shall be bound by the terms of the Settlement Agreement upon entry of this final approval order.

20.    Plaintiff and Settlement Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting or continuing, either directly or in any other capacity, any action or proceeding in any

court, agency, arbitration, tribunal or jurisdiction, asserting any claims released pursuant to the Settlement Agreement and this Order, or seeking any award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or arising from the Action and/or as a result of or in addition to those provided by the Settlement Agreement. In addition, Plaintiff and each Settlement Class Member are hereby enjoined from asserting as a defense, including as a setoff or for any other purpose, any argument that if raised as an independent claim would be a Released Claim.

21.    With respect to all Released Claims, Plaintiff and each of the other Settlement Class Members have released, waived, and relinquished to the fullest extent permitted by law (a) the provisions, rights and benefits conferred by Section 1542 of the California Civil Code, which provides: A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR. and (b) any law of any state or territory of the United States, federal law, or principal of common law, or of international or foreign law, that is similar, comparable or equivalent to Section 1542 of the California Civil Code.

22.    The terms of the Settlement Agreement, this Final Approval Order and the Judgment to be entered hereon shall have maximum res judicata, collateral estoppel, and all other preclusive effect in any and all claims for relief, causes of action, suits, petitions, demands in law or equity, or any allegations of liability, damages, debts, contracts, agreements, obligations, promises, attorney's fees, costs, interest or expenses which were or could have been asserted in the Action or are in any way related to the Incident at issue in the Action.

23.    The Final Approval Order, the Judgment to be entered hereon, the Settlement Agreement, the Settlement which it reflects and all acts, statements, documents or proceedings relating to the Settlement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against PCS Revenue Control Systems, Inc. of any fault, wrongdoing, or liability on the part of PCS Revenue Control Systems, Inc. or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the Action. This Order, the Settlement or any such communications shall not be offered or received in evidence in any action of proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiff, any Settlement Class Member, or any other person has suffered any damage; provided, however, that the Settlement, this Order and the Judgment to be entered hereon may be filed in any action by PCS Revenue Control Systems, Inc. or Settlement Class Members seeking to enforce the Settlement or the Judgment by injunctive or other relief, or to assert defenses including, but not limited to, res judicata, collateral estoppel, release, good faith settlement, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The Settlement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Order that are maintained by, or on behalf of, the Settlement Class Members or any other person subject to the provisions of this Order.

24.    The above-captioned Action is hereby dismissed in its entirety with prejudice. Except as otherwise provided in this Court's orders, the parties shall bear their own costs and attorney's fees. Without affecting the finality of this Final Order in any way, the Court reserves jurisdiction over all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and Settlement.

**IT IS SO ORDERED.**

DATED: February ___6___, 2023                    By: _____

                                                    JULIEN XAVIER NEALS
                                                  United States District Judge

9

## [FINAL APPROVAL ORDER

## EXHIBIT "A"

1. Yesenia Artiles, Minor, by her Parent and Natural Guardian Marlene Alcay
2. Sean Marshall Koonce
3. Shannan Denson